UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALAN R. RIEKKI, | Case No. 2:15-CV-2427 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| BAYVIEW FINANCIAL LOAN SERVICING, et al., | |
| Defendant(s). | |

Presently before the court is defendant Midland Mortgage Company's motion to dismiss the plaintiff's amended complaint. (ECF No. 22). Plaintiff Alan Riekki filed a response (ECF No. 29), and defendant filed a reply (ECF No. 33).

**I. Background**

Plaintiff filed for Chapter 13 bankruptcy on September 5, 2010. (ECF No. 22). Plaintiff's bankruptcy plan was confirmed on May 2, 2014, and his debt was discharged on October 6, 2014. (*Id*.). Defendant reported balances on plaintiff's delinquent account throughout the pendency of the bankruptcy proceedings. (*Id.*). In addition, defendant reported balances in November 2014, after plaintiff's debts had been discharged. (*Id*.). In response, plaintiff filed a complaint alleging that defendant reported inaccurate information in violation of the Fair Credit Reporting Act ("FCRA"). (*Id*.).

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2);

**James C. Mahan**
**U.S. District Judge**

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (citation omitted).

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly,* 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."

*Id.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

Plaintiff argues that defendant furnished an inaccurate credit report in violation of the FCRA. (ECF No. 29). Plaintiff alleges that the report is inaccurate because defendant reported a debt on plaintiff's delinquent account subsequent to approval of plaintiff's bankruptcy discharge. (*Id.*). Therefore, plaintiff states the reported debt on his credit report should be removed because it is inaccurate. (ECF No. 22).

Defendant argues that, pursuant to 15 U.S.C. § 1681c, reporting of collection issues is allowed for seven years after a bankruptcy discharge and reporting of the bankruptcy itself is allowed for ten years after the discharge. (ECF No. 33). Therefore, defendant argues that the report is accurate, and plaintiff has failed to state a claim for which relief can be granted.

15 U.S.C. § 1681c(a)(4) states that consumer reporting agencies may not report "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years." In addition, 15 U.S.C § 1681c(a)(1) states that consumer reporting agencies may not report "[c]ases under Title 11 or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years." A furnisher of credit reports must delete the reported debt only if it finds the information to be inaccurate, incomplete, or unverifiable. *See Gorman v. Wolpoff & Abramson LL*, 584 F.3d 1147, 1154 (9th Cir. 2009). This court has held that a debt that has been charged off by a creditor does not support a finding of inaccuracy. *See Hernandez v. Wells Fargo Fin. Nat'l Bank*, 2014 U.S. Dist. 51854 (D. Nev. 2014) (quotations omitted).

The court finds that plaintiff's claim is without merit. This court has previously stated that reporting agencies are entitled to report debts for seven years after discharge, as entitled by the plain language of 15 U.S.C 1681c. In *Abeyta*, this court held that 15 U.S.C § 1681c. "undermines any arguments that . . . debts discharges in bankruptcy [are] . . . unreportable." *Abeyta v. Bank of Am.*, 2016 WL 1298109, at *2 (D. Nev. 2016). Plaintiff's bankruptcy discharge was confirmed on October 6, 2014; however, defendant is entitled to report the debt for a statutorily permitted seven years. Therefore, plaintiff's complaint is dismissed.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Midland Mortgage's motion to dismiss (ECF No. 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Citimortgage, INC's motion to dismiss (ECF No. 13) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Bank of America, N.A.'s motion to dismiss (ECF No. 16) be, and the same hereby is, DENIED as moot. The clerk is instructed to close the case.

DATED July 28, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -